UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHARLES B. POWELL,

        Plaintiff,

    -against-                                         **COMPLAINT**
   `

LVNV FUNDING, LLC,                                  **Docket No**.:  9:15-cv-6323
                                    Jury Trial Demanded:  Yes

        Defendant,

_____/

Plaintiff, CHARLES B. POWELL ("Plaintiff"), by and through his attorney, Subhan Tariq, Esq., as

and for his Complaint against the Defendant, LVNV FUNDING LLC., (hereinafter referred to as

Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the

following:

## I.      <u>PARTIES IN THE COMPLAINT</u>

1. Plaintiff, Charles B. Powell is a resident of State of New York, residing at 3386 Bertha

   Drive, Baldwin, NY 11510.

2. Defendant, LVNV FUDING LLC., is a limited liability company engaged in the business of

   collecting debts with its principal place of business located at 55 Beattie Place, Suite 110,

   Greenville, SC 29603.

3. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692(a)(30.

4. The Defendant is a "debt collector" as defined and used in the FDCPA under 15 USC §

   1692(a)(6).

## II.     JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

7. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## III.     FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1' through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

10. Upon information and belief, and better known to the Defendant, began its collection efforts and campaign of communications with the Plaintiff by reporting his account to credit bureaus.

11. On or about August 28, 2015, Plaintiff called Defendant in order to get information on account reporting on Plaintiff's credit report.

12. Plaintiff was connected to a female representative of Defendant who spoke indistinctly and identified herself as representative of the defendant.

13. Defendant's representative states: "Hello thank you for calling customer service may I have the social security number on the account?"

14. Plaintiff states: "I'll give you my last 4 digits.  Is this LVNV funding? So am I speaking to someone from LVNV Funding?"

15. Defendant's representative states "We are the point of contact Sir."

16.  Plaintiff states: "Ok, 6033."

17.  Defendant's representative states: "What is your first and last name?"

18.  Plaintiff states:  "Charles Powell."

19.  Defendant's Representative states: "Do you have the account number you're calling for Charles?"

20. Plaintiff states: "You tell me."

21. Defendant's representative states: "I'm asking you sir, nothing is coming up with your name."

22. Plaintiff states: "I have something coming up under LVNV Funding."

23. Defendant's representative states: "What is coming up on your credit report? Sir? Partial account on their?"

24. Plaintiff states: "No."

25. Defendant's agent states: "Then what does it say?"

26. Plaintiff states: "It says I owe $1200.00."

27. Defendant's representative states: "That's it?"

28. Plaintiff states: "My point is if your, I'm calling LVNV Funding now your placing on my credit report that I am in collections and you don't have anything on me, why are we having this conversation?"

29. Defendant's agent states: "We have different methods to locate the account."

30. Plaintiff states: "I would like to dispute the account."

31. Defendant's representative states: "I can't help you dispute an account unless I locate an account. Is your number 516-476-0410?"

32. Plaintiff states: "That's where I'm calling you from."

33. Defendant's agent states: "Is that a number for you?"

34. Plaintiff states: "Yes."

35. Defendant's representative states: "Nothing is coming up, do you have an address we can try for you?"

36. Plaintiff states: "My address is 33-86 Bertha Drive."

37. Defendant's representative states: "What's the zip code?"

38. Plaintiff states: "Do you have anything on me. I gave you my last 4 digits, I gave my address and you tell me you don't have information?"

39. Defendant's representative states: "I'm trying to assist you to locate it first there is a process to follow."

40. Plaintiff states: "I don't want phone calls from anyone on my phone."

41. Defendant's representative states; "No one has your phone number, Sir."

42. Plaintiff states: "You do now!"

43. Defendant's representative states: "No I used it to locate an account, nothing came up. Your zip code sir? Your City and State?"

44. Plaintiff states: "Baldwin, New York."

45. Defendant's agent states: "Thank you, I was able to pull up an account for you. By law I have to play a brief recording to you." Miranda warnings are given to Plaintiff.

46. Defendant's representative states: "The amount of the credit loan is $1,234.64. According to credit one it was opened August 27, 2008. "

47. Plaintiff states: "When was the last date of payment with this company?"

48. Defendant's agent states: "December 30, 2008 for $40.00. They charged for collections July 22, 2009."

49. Plaintiff states: "The next year how much was on the charge off. What did I owe at the time?"

50. Defendant's agent states: "They charged off in 2009 it had a balance of $772.03 then it was post marked on April 8, 2011."

51. Plaintiff states: "I don't understand this $772.03."

52. Defendant's agent states: "Do you remember authorizing a credit card through credit one?"

53. Plaintiff states: "I don't know about this debt at all."

54. Defendant's agent states: "You have the option to dispute it if you don't recall authorizing account."

55. Plaintiff states: "Can you explain the difference between the $1234 and 771 on the report?"

56. Defendant's agent states: "The interest."

57. Plaintiff states: "Is that after the charge off?"

58. Defendant's agent states: "Yes would like the process to dispute the account or you want to call back?"

59. Plaintiff states: "I am disputing it."

60. Defendant's agent states: "I have to give you a process."

61. Plaintiff states: "I will call back."

## IV.    FIRST CAUSE OF ACTION VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e –seq.

62. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "61" herein with the same force and effect as if the same were set forth at length herein.

63. According to 15 U.S.C. § 1692 e (2) a debt collector is prohibited from giving any false or misleading representation in communication of the alleged debt. Defendant violated Plaintiff's rights by listing an amount on Plaintiff's credit report that is not correct.

64. According to 15 U.S.C. § 1692(f) Any unfair or unconscionable means to collect or attempt the alleged debt. Defendant violated Plaintiff's rights by asserting an additional charge to the debt, which was not expressly authorized by the agreement creating the debt permitted by law.

65. According to 15 U.S.C. § 1692(f)(1), a debt collector is prohibited from the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt permitted by law. Defendant has violated this by attempting to include interest, fees or expenses incidental to the principal obligation.

66. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

67. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 U.S.C. § 1692(k)(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A)

C. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(B)

D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. 1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: November 4, 2015

Respectfully submitted,

__s/Suban Tariq._____
Subhan Tariq, Esq.
Attorney I.D.# ST9597
The Law Offices of Subhan Tariq, Esq., PLLC
216-14 Jamaica Avenue
Queens Village, NY 11428
Telephone: 516-900-4529
Facsimile: 347-402-2645
**Attorney for Plaintiff**

To:    LVNV Funding LLC
       55 Beattie Place – Suite 110
       Greenville, SC 29603

       (*Via Prescribed Service*)

       Clerk of the Court,
       United States District Court
       Eastern District of New York
       225 Cadman Plaza East
       Brooklyn, NY 11201

       (*Via Electronic Court Filing*)