UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CHARLES B. POWELL<br><br>      Plaintiff,<br>v.<br><br>LVNV FUNDING, LLC<br><br>      Defendant. | Civil Action No.:  2:15-cv-06323<br><br><br>**LVNV FUNDING LLC'S<br>ANSWER TO PLAINTIFF'S COMPLAINT** |

  Defendant LVNV Funding, LLC ("Defendant") by and through its undersigned attorneys, Gordon & Rees, LLP, as and for its Answer to the Complaint (the "Complaint") of Plaintiff Charles B. Powell ("Plaintiff"), responds as follows:

## I.  PARTIES IN THE COMPLAINT

  1.  Defendant is without sufficient knowledge to admit or deny the allegations of Paragraph 1 of the Complaint.  To the extent a further response is required, Defendant denies these allegations.

  2.  Defendant denies the allegations contained in Paragraph 2 of the Complaint.

  3.  The allegations of Paragraph 3 of the Complaint contain conclusions of law, to which no responsive pleading is required.  To the extent a further response is required, Defendant denies these allegations.

  4.  The allegations of Paragraph 4 of the Complaint contain conclusions of law, to which no responsive pleading is required.  To the extent a further response is required, Defendant denies these allegations.

## II. JURISDICTION AND VENUE

5. The allegations of Paragraph 5 of the Complaint contain conclusions of law, to which no responsive pleading is required. To the extent a further response is required, Defendant denies these allegations.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. The allegations of Paragraph 7 of the Complaint contain conclusions of law, to which no responsive pleading is required. To the extent a further response is required, Defendant denies these allegations.

## III. FACTUAL ALLEGATIONS

8. Defendant repeats and realleges the paragraphs above as if fully set forth herein verbatim.

9. Defendant denies the allegations of Paragraph 9 of the Complaint.

10. Defendant denies the allegations of Paragraph 10 of the Complaint.

11. Except to admit the date of the telephone call on August 28, 2015, Defendant denies the allegations of Paragraph 11 of the Complaint.

12. Except to admit that Plaintiff was connected to a female representative, Defendant denies the allegations of Paragraph 12 of the Complaint.

13. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 13 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

14. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 14 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

15. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 15 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

16. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 16 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

17. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 17 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

18. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 18 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

19. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of

Paragraph 19 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

20. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 20 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

21. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 21 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

22. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 22 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

23. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 23 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

24. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 24 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

25. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 25 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

26. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 26 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

27. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 27 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

28. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 28 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

29. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 29 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

30. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of

Paragraph 30 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

31. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 31 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

32. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 32 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

33. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 33 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

34. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 34 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

35. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 35 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

36. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 36 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

37. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 37 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

38. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 38 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

39. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 39 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

40. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 40 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

41. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of

Paragraph 41 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

42. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 42 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

43. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 43 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

44. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 44 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

45. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 45 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

46. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 46 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

47. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 47 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

48. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 48 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

49. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 49 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

50. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 50 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

51. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 51 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

52. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of

Paragraph 52 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

53. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 53 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

54. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 54 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

55. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 55 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

56. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 56 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

57. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 57 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

58. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 58 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

59. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 59 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

60. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 60 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

61. Defendant refers the Court to the verbatim transcript of the alleged phone call, to the extent one exists, or the actual recording of phone call, and denies any allegations of Paragraph 61 that are inconsistent therewith. To the extent a further response is required, Defendant denies these allegations.

### IV. FIRST CAUSE OF ACTION VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e et seq.

62. Defendant repeats and realleges the Paragraphs above as if fully set forth herein verbatim.

63. The allegations concerning 15 U.S.C. § 1692(e)(2) of Paragraph 63 of the Complaint contain conclusions of law, to which no responsive pleading is required. To the extent a further response is required, Defendant denies these allegations. Defendant denies the

remaining allegations in Paragraph 63 of the Complaint.

64. The allegations of paragraph 64 concerning 15 U.S.C. § 1692(f) contain a scrivener's error, and is an incomplete and unintelligible sentence. Additionally, the allegations concerning 15 U.S.C. § 1692(f) of Paragraph 64 of the Complaint contain conclusions of law, to which no responsive pleading is required. To the extent a further response is required, Defendant denies these allegations. Defendant denies the remaining allegations in Paragraph 64 of the Complaint.

65. The allegations concerning 15 U.S.C. § 1692(f)(1) of Paragraph 65 of the Complaint contain conclusions of law, to which no responsive pleading is required. To the extent a further response is required, Defendant denies these allegations. Defendant denies the remaining allegations in Paragraph 65 of the Complaint.

66. Defendant denies the allegations of Paragraph 66 of the Complaint.

**WHEREFORE,** Defendant denies that Plaintiff is entitled to the relief sought, and respectfully requests judgment in its favor dismissing the First Count, awarding Defendant attorneys' fees and court costs, and any other remedy the Court sees fit to impose.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute a cause of action against Defendant relative to the content of the alleged communications and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from Defendant.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims contain insufficient information to permit Defendant to raise all appropriate defenses, and therefore, Defendant reserves its right to amend and/or supplement this Answer with additional and appropriate defenses.

**THIRD AFFIRMATIVE DEFENSE**

At all times relevant hereto, Defendant acted in good faith and/or with good cause and have not violated any rights which may be secured to Plaintiff under any federal, state, city or local laws, rules, regulations, codes or guidelines.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendant are barred, in whole or in part, by the doctrines of waiver, unclean hands, laches and estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover statutory damages under the FDCPA, and thus, all requests for statutory damages thereunder are improper.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint does not describe the alleged actions with sufficient particularity to permit Defendant to ascertain what other defenses may exist at this time. Defendant therefore reserves the right to assert all defenses that may pertain to the Complaint as the facts of the case are discovered.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to show that Defendant has breached any duty owed to Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint is barred due to Plaintiff's failure to exhaust administrative remedies.

**NINTH AFFIRMATIVE DEFENSE**

The Complaint does not contend that the subject debt is not owed, nor that the subject debt has been satisfied. As such, Plaintiff is in breach of the agreement with the credit originator, and but for the breach of that agreement, Defendant would not have communicated with Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and resulted from Plaintiff's own actions.

**ELEVENTH AFFIRMATIVE DEFENSE**

The damages claimed by Plaintiff could have been mitigated with due diligence or by one acting under similar circumstances. Plaintiff's failure to mitigate is a bar to recovery.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant hereby reserves the right to supplement their affirmative defenses at any time prior to trial.

                                                              GORDON & REES LLP
*Attorneys for Defendant LVNV Funding, LLC*

By:     */s/ Peter Siachos*
        Peter G. Siachos
        Matthew P. Gallo

18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932
Tel: 973.549.2500
Fax: 973.377.1911

Dated: November 30, 2015